# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**UNITED STATES OF AMERICA**

**v.**

Michael A. Hartley

**JUDGMENT IN A CRIMINAL CASE**

**CASE NUMBER:** 2:08-cr-187

Richard Cline, Esq.
Richard Mayhall, Esq.
DEFENDANT'S ATTORNEY

The defendant plead guilty to counts 1 and 2 of the information. The Court has accepted a Rule 11(e)(1)(A) charge agreement because it is satisfied that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the plea agreement will not undermine the statutory purposes of sentencing.

The defendant is adjudicated guilty of these offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 USC 2252(a)(4)(B) & (b)(2) | Knowingly possessing child pornography in interstate commerce | 3/5/2005 | 1 |
| 18 USC 2253(a)(1) & (3) | Forfeiture | | 2 |

The defendant is sentenced as provided in pages 2 through  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

April 29, 2009
Date of Imposition of Judgment


s/James L. Graham
Signature of Judge


JAMES L. GRAHAM U.S. DISTRICT JUDGE
Name of Judge        Title of Judge


April 30, 2009
Date

```
DEFENDANT:   HARTLEY, Michael A.
CASE NUMBER: 2:08-cr-187
Pg 2
```

## **IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **thirty-six (36) months on count 1.**


[X]   The Court makes the following recommendation to the Bureau of Prisons:

[]    The defendant is remanded to the custody of the United States Marshal.

[X]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. no later than sixty (60) days from this date.

[]    The defendant shall surrender to the United States Marshal for this district at _ a.m./p.m. on  __.


## **RETURN**

I have executed this judgment as follows:

Defendant delivered on_____to_____

_____at_____, with a

certified copy of this judgment.


_____
United States Marshal


By_____
   Deputy US Marshal

DEFENDANT:     HARTLEY, Michael A.
CASE NUMBER:  2:08-cr-187
Pg. 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  **ten (10) years on count 1.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, ammunition, destructive device, of any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court.

The defendant shall also comply with any additional conditions set forth below:

**The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders.**

**The defendant will register as required in 18 USC 3583 and with any state sex offender registration requirement and will be subject to the notification procedures of 18 USC 4042(c) and or any state sex offender notification provision.**

**The defendant shall submit his person and any property, house, residence, vehicle, papers, computer or other electronic communications or data storage devices or media and effects to search at any time with or without a warrant by any law enforcement official of probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person and by any probation officer in lawful discharge of the officer's supervision functions.**

**The defendant shall not possess or have under his control any matter that is pornographic or that depicts or alludes to sexual activity of depicts minors under 18 years of age.**

**The defendant shall not directly or indirectly gain or access in any manner to any computer online services or to the internet, including, but not limited to any online bulletin board, internet relay chat, send or receive e-mail with attached electronic files through any electronic medium, or any online file archive, unless such access is required expressly for a class assignment in an accredited education institution or to carry out a job duty for legal outside employment which is not self-employment.**

DEFENDANT:    Hartley, Michael A.
CASE NO.:     2:08-cr-187
Pg 4


### STANDARD CONDITIONS OF SUPERVISION


1.    THE DEFENDANT SHALL NOT LEAVE THE JUDICIAL DISTRICT WITHOUT THE
      PERMISSION OF THE COURT OR THE PROBATION  OFFICER;
2.    THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER AND SHALL
      SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST  FIVE
      DAYS OF EACH MONTH;
3.    THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE
      PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION
      OFFICER;
4.    THE DEFENDANT SHALL SUPPORT HIS OR HER DEPENDENTS AND MEET  OTHER
      FAMILY RESPONSIBILITIES;
5.    THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION   UNLESS
      EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING,       TRAINING, OR
      OTHER ACCEPTABLE REASONS;
6.    THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN 72  HOURS OF
      ANY CHANGE IN RESIDENCE OR EMPLOYMENT;
7.    THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL
8.    THE DEFENDANT SHALL NOT FREQUENT PLACES WHERE CONTROLLED
      SUBSTANCES ARE ILLEGALLY SOLD, USED, DISTRIBUTED, OR
      ADMINISTERED;
9.    THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN
      CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED
      OF A FELONY UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION
      OFFICER;
10.   THE DEFENDANT SHALL PERMIT A PROBATION OFFICER TO VISIT HIM OR  HER
      AT ANY TIME AT HOME OR ELSEWHERE AND SHALL PERMIT   CONFISCATION OF
      ANY CONTRABAND OBSERVED IN PLAIN VIEW BY THE  PROBATION OFFICER;
11.   THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN
      SEVENTY-TWO HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW
      ENFORCEMENT OFFICER;
12.   THE DEFENDANT SHALL NOT ENTER INTO ANY AGREEMENT TO ACT AS AN
      INFORMER OR A SPECIAL AGENT OF A LAW ENFORCEMENT AGENCY  WITHOUT THE
      PERMISSION OF THE COURT;
13.   AS DIRECTED BY THE PROBATION OFFICER, THE DEFENDANT SHALL   NOTIFY
      THIRD PARTIES OF RISKS THAT MAY BE OCCASIONED BY THE  DEFENDANT'S
      CRIMINAL RECORD OR PERSONAL HISTORY OR CHARACTERISTICS, AND SHALL
      PERMIT THE PROBATION OFFICER TO MAKE SUCH NOTIFICATIONS AND TO
      CONFIRM THE DEFENDANT'S COMPLIANCE.

DEFENDANT:  HARTLEY, Michael A.
CASE NUMBER: 2:08-cr-187
Pg 5

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| Totals  | $100.00        | $        | $               |

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

A Dell Dimension computer tower and all property used and intended to be used to commit and promote the commission of the violations in this case.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Lump sum payment of $100.00 special assessment is due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the  United States District Court, Office of the Clerk, 85 Marconi Blvd., Room 260, Columbus, Ohio 43215.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.